In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00231-CV
_____

**KIRBYVILLE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, THOMAS A. WALLIS, GEORGIA SAYERS, CHAD GEORGE, JOEY DAVIS, CLINT SMITH, AMY FOUNTAIN, MARCIA MORGAN, D'WANNA RASNICK AND DUSTIN RUTHERFORD, Appellants**

**V.**

**TAMMY REEVES, AUSTIN REEVES, JUDITH REEVES AND JIMMY W. JONES, Appellees**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-200,185**

**ORDER**

Appellees, Tammy Reeves, Austin Reeves, Judith Reeves and Jimmy W. Jones filed a motion to dismiss this accelerated appeal. Appellees contend the plea to the jurisdiction was filed in conjunction with a motion to dissolve a temporary injunction and became moot when the temporary injunction expired. Appellants, Kirbyville Consolidated Independent School District, Thomas A. Wallis, Georgia

1

Sayers, Chad George, Joey Davis, Clint Smith, Amy Fountain, Marcia Morgan, D'Wanna Rasnick and Dustin Rutherford, argue that their plea to the jurisdiction is not moot because they challenge the trial court's jurisdiction regarding additional relief requested by the appellees in the trial court.

Generally, for purposes of appellate review of a plea to the jurisdiction, we consider the live pleadings before the trial court at the time the trial court signed the order. *See City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102, 110 (Tex. App.—Dallas 2013, no pet.). In this case, the appellees filed their request for discovery under Rule 202 before the date the trial court denied their pleas to the jurisdiction. The pleas to the jurisdiction were filed on June 9, 2017, and the court conducted the hearing on the pleas on June 13, 2017. Appellees filed a petition seeking authorization to conduct Rule 202 depositions on June 13, 2017, and they filed a motion to make materials available for inspection, copying, and evaluation on June 20, 2017. The trial court signed the order denying the pleas to the jurisdiction on June 21, 2017. Thus, when the trial court denied the pleas to the jurisdiction, the appellees had pending requests for affirmative relief that were subject to the appellants' pleas. Because the record shows the appellees were seeking affirmative relief under Rule 202 before the trial court denied the pleas, and the trial court is

2

required to have jurisdiction to act, the matters presented by the parties are not moot and the motion to dismiss is denied.

ORDER ENTERED July 19, 2017.

PER CURIAM

Before McKeithen, C.J., Kreger and Horton, JJ.